UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KENNETH JORDAN,

                Plaintiff,

     -against-                                 **COMPLAINT**

CITY OF NEW YORK, ADOLFO BERRIOS,
and JOHN DOE,
                                           **PLAINTIFF DEMANDS**
                Defendants.                   **A TRIAL BY JURY**
----------------------------------X

        Plaintiff Kenneth Jordan, by his attorneys, Lumer & Neville, as and for his Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

        1.    At all times hereinafter mentioned, plaintiff was an adult male and a resident of the State of Georgia.

        2.    At all relevant times hereinafter mentioned, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.    At all relevant times hereinafter mentioned, defendant Adolfo Berrios, whose Tax Registration number is believed to be 952461, was employed by the City of New York as a member of the NYPD. Berrios is sued herein in his official and individual capacities.

        4.    At all relevant times hereinafter mentioned, defendant John Doe,

whose actual identity is not known to plaintiff, was employed by the City of New York as a member of the NYPD. Doe is sued herein in her official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the defendant City of New York resides, and where the majority of the actions complained of herein occurred.

7. That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under law.

8. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

9. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

## RELEVANT FACTS

10. On April 13, 2013, at or about 4:30 p.m., plaintiff was lawfully driving a vehicle when he stopped at a red light at or near the intersection of Merrick and Farmers Boulevards in Queens County.

11. Plaintiff's five year-old daughter, referred to herein as "KJ," was riding in the back seat of the vehicle at the time.

12. While plaintiff was sitting in his vehicle at the red light, defendant

Berrios, and his partner, named herein as defendant Doe (collectively, the "individual defendants"), pulled up to plaintiff in a marked police car.

13. The individual defendants signaled to plaintiff to pull over and conducted a stop of his vehicle.

14. In response to the defendants' instructions, Mr. Jordan produced his Georgia drivers license.

15. After a period of time, the officers returned to plaintiff and directed him to exit his vehicle.

16. The defendants then arrested plaintiff, stating to him, either then or shortly thereafter, in sum and substance, that his Georgia drivers license was forged.

17. Plaintiff was transported in handcuffs to a local area police precinct station house, where he was imprisoned for hours while his arrest was processed.

18. Plaintiff was later transported to Central Booking, where he was imprisoned for many more hours.

19. At no time did defendants have sufficient legal cause to arrest and imprison plaintiff, nor was it reasonable for defendants to believe such cause existed.

20. While plaintiff was were imprisoned by the defendants, defendant Berrios completed arrest paperwork in which he expressly claimed that plaintiff had committed the offenses of criminal possession of a forged instrument, driving without a license, and using his cell phone while operating his vehicle.

21. These factual allegations by Berrios were materially false in all regards.

First, Berrios swore that he observed plaintiff speaking on his cell phone while operating his vehicle. This claim is false; plaintiff had not used his cell phone while operating his vehicle. Next, Berrios claimed that plaintiff was unable to produce a valid drivers license. This claim was also materially false as plaintiff provided his Georgia's drivers license to Berrios at the time. Finally, Berrios stated that the Georgia drivers license was forged. This claim was also materially false as plaintiff's drivers license was genuine and properly issued to plaintiff by state officers in Georgia.

22. Berrios forwarded these false allegations to the Queens County District Attorney ("QCDA") in order to justify the arrest and to persuade the QCDA to commence the plaintiff's criminal prosecution.

23. Berrios knew and understood that the QCDA, in evaluating whether to commence a criminal prosecution against the plaintiff, was relying on the truthfulness of his claims, and was assuming that all of Berrios's factual statements were truthful in all material respects.

24. As a direct result of these allegations by Berrios, the plaintiff was criminally charged by the QCDA under 2013QN020189 with one count of Criminal Possession of a Forged Instrument in the Second Degree under New York Penal Law 170.25, which is a felony, as well as one count each of Unlicensed Operation of a Vehicle under New York VTL 509 (1), and Unlawful Use of Portable Electronic Devices.

25. Plaintiff was not issued any summonses or tickets.

26. The QCDA declined to present the criminal case against plaintiff to the

Grand Jury. However, the plaintiff was required to return from Georgia to New York on multiple occasions to appear in Queens County Criminal Court. Eventually, plaintiff the case was dismissed.

27. Berrios intentionally and deliberately transmitted false statements to his supervising officers and the QCDA to justify the unlawful stop, arrest, and imprisonment of plaintiff, and to bring about plaintiff's criminal prosecution.

28. Berrios and his partner, John Doe, failed to file accurate or corrective statements, and John Doe failed to intervene to prevent Berrios from violating plaintiff's constitutional rights. Doe further failed to report Berrios's conduct to his supervisors at the NYPD or otherwise take any steps of any sort to protect plaintiff from Berrios or to alleviate the injuries caused by Berrios.

29. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

30. Plaintiff repeats the allegations contained in paragraphs "1" through "33" above as though stated fully herein.

31. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

32.     Defendants willfully and intentionally fabricated evidence and denied plaintiff a fair trial by falsely claiming that plaintiff was operating his vehicle while using his cell phone and without a valid drivers license, and that the Georgia drivers license that he did have was forged, and then forwarded these materially false factual claims to the QCDA in order to bring about and cause the criminal prosecution of the plaintiff.

33.     By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, excessive force, unlawful searches of person and property, and the deprivation of his right to a fair trial through the use of fabricated evidence, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

34.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

35.     Plaintiff repeats the allegations contained in paragraphs "1" through "40" above as though stated fully herein.

36.     Plaintiff was intentionally, willfully, maliciously and/or with reckless disregard, wrongly seized and searched, falsely arrested and imprisoned, and deprived of a fair trial through the use of fabricated evidence.

37. Defendant City of New York is therefore liable to plaintiff for the unlawful search, seizure, arrest, imprisonment, and malicious prosecution of plaintiff under the doctrine of respondeat superior.

38. By reason thereof, the municipal defendant has caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the first cause of action, actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action, actual damages in an amount to be determined at trial; and

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iv.    such other relief as the Court deems just and proper.

Dated:   November 14, 2013
           New York, New York

                              LUMER & NEVILLE
                              Attorneys for Plaintiff
                              225 Broadway, Suite 2700
                              New York, New York 10007
                              (212) 566-5060

                              /s/
                              _____
                              Michael B. Lumer (ML-1947)